**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| | * | |
| LATRISHA MAYHALL, | | |
| | * | |
| **Plaintiff,** | | |
| v. | * | Case No.: GJH-19-2384 |
| | | |
| MRS BPO, LLC, & DOES 1-10, | * | |
| | | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Latrisha Mayhall brings this consumer protection action alleging that Defendant MRS BPO, LLC ("MRS") and Does 1–10, individual collectors employed by MRS, attempted to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Comm. Law § 14-201 *et seq.* ECF No. 1. Currently pending before the Court is Defendant MRS's Motion for Summary Judgment, ECF No. 15, Defendant MRS's Motion for Leave to File Audio Recording, ECF No. 16,[1] and Plaintiff's Cross Motion for Summary Judgment, ECF No. 19. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Cross-Motion for Summary Judgment is denied.

---

[1] Defendant moved for leave to submit an audio recording of the May 17, 2019 telephone call as Exhibit D to its Motion for Summary Judgment. ECF No. 16. Because good cause supports including the audio recording in its filing, Defendant's Motion is granted.

## I.      BACKGROUND[2]

On March 15, 2019, Exelon Potomac Electric Co. placed an account ending in 5964 with MRS for collection. ECF No. 15-5 ¶ 3; ECF No. 15-6; *see also* ECF No. 1 ¶ 10.[3] On March 17, 2019, MRS sent Plaintiff, the customer for the account, a collection letter. ECF No. 15-5 ¶ 4; ECF No. 15-7. The letter stated, "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector." ECF No. 15-7. From March 22, 2019 through May 31, 2019, MRS placed twenty-two telephone calls to two telephone numbers listed in Plaintiff's account information. ECF No. 15-5 ¶ 4; ECF No. 15-6; ECF No. 15-8. Only one call was answered. ECF No. 15-5 ¶ 6; ECF No. 15-8 at 3; *see also* ECF No. 15-6 at 4. That call, which took place on May 17, 2019, proceeded as follows:

| | |
|---|---|
| Call Recipient: | Hello. |
| MRS Representative: | Hello. My name is Earnest Day. I must advise you this call may be monitored or recorded. May I speak to Latrisha Turner?[4] |
| Call Recipient: | Who is this? |
| MRS Representative: | I am calling from MRS Associates. |
| Call Recipient: | What is that? |
| MRS Representative: | We are a financial services company. |
| Call Recipient: | For what? |
| MRS Representative: | Is it Latrisha Turner? |
| Call Recipient: | I'm not going to give you my name unless I know what you're calling about. |

---

[2] These facts are either undisputed or viewed in the light most favorable to Plaintiff as the non-moving party.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[4] Latrisha Turner was previously Plaintiff's married name; she changed her name back to her maiden name, Latrisha Mayhall, in 2015. ECF No. 19-2 ¶ 1.

| | |
|---|---|
| MRS Representative: | It's a personal business matter for her. Unfortunately, I can't go into details with an unauthorized person, uh, but you may receive the follow-up calls in the future, alright? |
| Call Recipient: | This (unintelligible). |

ECF No. 15-5 ¶ 7; ECF No. 15-9; ECF No. 19-1 at 3–4. At that point, the MRS representative

disconnected the call. ECF No. 15-5 ¶ 8; ECF No. 15-9. The representative documented the call

as being with a third party, and no further calls were placed to that number. ECF No. 15-5 ¶ 9;

ECF No. 15-6 at 4; ECF No. 15-8.

Although she did not identify herself on the call, Plaintiff was, in fact, its recipient. ECF

No. 19-2 ¶ 4–5. Plaintiff states in an affidavit attached to her Cross Motion for Summary

Judgment that, because she did not know who the caller or MRS was, she declined to identify

herself "for fear that it may be someone attempting to steal my identity or otherwise misuse my

information." *Id.* ¶ 10. She further states that she did not associate the call with the letter she had

received from MRS two months prior. *Id.* ¶ 9 n.1.

On August 19, 2019, Plaintiff filed a Complaint alleging Defendants violated 15 U.S.C.

§§ 1692e, 1692e(10), 1692e(11), 1692d, and 1692f of the FDCPA during the May 17, 2019

telephone call by stating that it is a financial services company and failing to state that the call

was from a debt collector. ECF No. 1 ¶¶ 20–27. Plaintiff also alleged Defendants violated the

MCDCA, Md. Code Comm. Law § 14-201, *et. seq. Id.* ¶¶ 28–32. Plaintiff alleges that

Defendants' actions caused Plaintiff "a great deal of confusion, frustration, and distress" and that

"Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and

embarrassment." *Id.* ¶¶ 17, 19. In her affidavit, she also states, "[r]eceiving a call from a

company unknown to me, who refused to explain to me the purpose of the call other than to state

that they were a 'financial services company' calling on a 'personal business matter,' and further

stating that the calls would persist despite refusing to advise me of the purpose of the call, caused

me considerable confusion, frustration, anxiety, and distress. I feared that I would be unable to stop the calls without providing my personal identifying information, which I was unwilling to do for fear that the unknown caller may be someone attempting to steal my identity or otherwise misuse my information." ECF No. 19-2 ¶ 12.

On April 15, 2020, Defendant MRS filed a Motion for Summary Judgment, arguing that Plaintiff has not and cannot establish a claim under the FDCPA or the MCDCA. ECF No. 15. Plaintiff filed a Cross-Motion for Summary Judgment and Opposition to Defendant's Motion on May 4, 2020. ECF No. 19. Defendant MRS filed a reply in support of its motion and a response to Plaintiff's Cross-Motion on May 14, 2020. ECF No. 20. Plaintiff filed a reply in support of her Cross-Motion on June 11, 2020. ECF No. 23.

## II.    STANDARD OF REVIEW

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one "that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248–49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court may rely on only facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v.*

4

*Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## III.   DISCUSSION

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see also Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 388 (4th Cir. 2014). "The Act 'is a strict liability statute and a consumer only has to prove one violation to trigger liability.'" *Long v. Pendrick Capital Partners II, LLC*, 374 F. Supp. 3d 515, 531 (D. Md. 2019) (quoting *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 500 (D. Md. 2004)). "To succeed on a FDCPA claim, a plaintiff must demonstrate that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Id.* (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012)). There is no dispute that Plaintiff has been the object of collection activity arising from consumer debt and that Defendant is a debt collector. Thus, the only issue is whether Plaintiff sufficiently establishes that Defendant engaged in conduct prohibited by the FDCPA.

In her Cross-Motion, Plaintiff states that "[b]ecause Plaintiff declined to confirm her identity during the phone call, Plaintiff does not argue that MRS violated § 1692e(11) by failing to disclose that it was a debt collector attempting to collect a debt, because so doing would risk running afoul the FDCPA's prohibition on disclosing to third parties that the consumer owes a debt." ECF No. 19-1 at 3 n.1.[5] Additionally, Plaintiff does not address her claims brought under

---

[5] Although the parties treat the call as being with a third party because Plaintiff did not confirm her identity, the ambiguity of her response—she does not affirmatively deny that she is Latrisha Turner, leaving it unclear whether the agent was addressing Plaintiff or someone else—raises some question about whether the situation is more like a voicemail, which could be heard by either the consumer or a third party, than a conversation with a third party. If

§§ 1692e, 1692d, or 1692f, or the MCDCA, thus forfeiting those claims. *See Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (finding the plaintiff abandoned claim by failing to address it in her opposition to the defendant's motion for summary judgment or to offer clarification in response to the defendant's reply brief); *see also Dziwulski v. Mayor & City Council of Baltimore*, No. DLB-18-277, 2020 WL 1034539, at *2 n.4 (D. Md. Mar. 3, 2020).[6] Therefore, the Court need only determine whether Defendant's conduct violated § 1692e(10).

### A. Section 1692e(10)

Section 1692e prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). Whether a statement is false is a relevant consideration, but in the end is neither necessary nor sufficient to establish a § 1692e(10) violation—not necessary because, even where a "statement may be literally true, in some cases 'the literal truth may convey a misleading impression' that violates § 1692e," *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 761 (7th Cir. 2006) (quoting *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1258 (7th Cir. 1994) (Easterbrook, J., concurring)), and not sufficient because, even if a statement is false, it must also be materially misleading, *see Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Hahn v. Triumph Partnerships LLC*, 557 F.3d

---

true, Defendant MRS may have been subject to the obligation to provide disclosures under § 1692d(6). *See infra*, Section III.B, discussing requirements for voicemails left by debt collectors. *But see Wisdom v. Portfolio Recovery Assocs., LLC*, No. 3:14-CV-299-BF, 2015 WL 1892956, at *5 (N.D. Tex. Apr. 24, 2015) ("The law does not require . . . that the debt collector [] disclose its identity and purpose of the call even before determining whether the debtor is in fact the person on the call."). However, because the parties do not raise this issue, the Court will not address it and will likewise treat the conversation as one between a debt collector and a third party.

[6] Moreover, Plaintiff did not raise any arguments concerning these claims in her Reply in support of her Cross-Motion, filed after Defendant asserted in its own Reply that she had abandoned those claims by failing to address them in her Cross-Motion.

755, 758 (7th Cir. 2009). Courts are "not concerned with mere technical falsehoods that mislead no one.'" *Donohue*, 592 F.3d at 1034.

To determine whether a statement was materially misleading,[7] the Fourth Circuit looks to the "least sophisticated consumer" standard. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 761 (D. Md. 2012) (citing *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135–36 (4th Cir. 1996)). Under that standard, the statements must "frustrate" the least sophisticated consumer's "ability to intelligently choose his or her response," *Powell*, 782 F.3d at 127 (quoting *Donohue*, 592 F.3d at 1033), or be "important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking," *id.* Moreover, "the test is the capacity of the statement to mislead; evidence of actual deception is unnecessary." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139.

Plaintiff has alleged that Defendant violated this provision by stating that MRS is a "financial services company." ECF No. 19-1 at 6. According to Plaintiff, this statement was false, as debt collectors are not financial services companies, and materially misleading, as Plaintiff's misunderstanding—that MRS was not a debt collector—could have affected how a "least sophisticated consumer" would have responded to the caller. *See id.* at 6–12. It is important to note, however, that this statement was made in response to Plaintiff asking the caller to provide information about MRS and that Plaintiff made that inquiry prior to confirming that she was, in fact, the person they were attempting to reach rather than a third party. Thus, the Court must also look at Defendant's potentially conflicting obligation under § 1692c(b) in order to resolve this claim.

---

[7] Courts have found materiality to be a prerequisite for a statement to be misleading. *See, e.g.*, *Powell*, 782 F.3d at 126 (4th Cir. 2014); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn*, 557 F.3d at 758 ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *Donohue*, 592 F.3d at 1033 ("We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable").

### B.  Section 1692c(b)

15 U.S.C. § 1692c(b) dictates that unless a consumer consents, a court provides

permission or it is "reasonably necessary to effectuate a postjudgment judicial remedy, a debt

collector may not communicate, in connection with the collection of any debt, with any person

other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by

law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §

1692c(b). For FDCPA purposes, a "communication" is defined as "the conveying of information

regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

Section 1692b provides an exception to the general ban on communicating with third

parties, allowing communications only in the limited circumstances where a debt collector is

seeking to determine the consumer's location. 15 U.S.C. § 1692b. However, a debt collector

communicating with a third party under § 1692b can only identify his employer "if expressly

requested" and cannot "state that such consumer owes any debt." *Id.* § 1692b(1)–(2). Thus, under

these provisions, debt collectors run afoul of the FDCPA if they disclose information regarding a

debt to a third party. This includes, for example, telling a debtor's mother that the collector was

"calling in reference to [an] account" and was calling "about a bill," *Dorris v. Accounts*

*Receivable Mgmt., Inc.*, No. CIV.A. GLR-11-3453, 2013 WL 1209629, at *4 (D. Md. Mar. 22,

2013), or "telling office receptionists that plaintiff owed a debt to" the collector, *Fashakin v.*

*Nextel Commc'ns*, No. 05-CV-3080 (RRM), 2009 WL 790350, at *5 (E.D.N.Y. Mar. 25, 2009)

(concluding that the plaintiff provided insufficient evidence to establish this claim but finding

that, if true, such allegations would violate the FDCPA).

Section 1692c(b) poses certain challenges for debt collectors given the requirement

elsewhere in the FDCPA that debt collectors make meaningful disclosures of their identity in

calls to debtors. *See* 15 U.S.C. §§ 1692d(6), 1692e(11). For example, collectors leave voicemails at their own peril, as a voicemail disclosing that the caller is a debt collector could be heard by a third party, violating § 1692c(b), while a voicemail failing to disclose the caller is a debt collector could, if heard by the debtor, violate § 1692d(6). *See Horowitz v. GC Servs. Ltd. P'ship*, No. 14CV2512-MMA RBB, 2016 WL 7188238, at *9 (S.D. Cal. Dec. 12, 2016); *see also Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009); *Berg v. Merchants Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1343 (S.D. Fla. 2008); *Fontell v. Hassett*, No. 10-CV-01472-AW, 2011 WL 13223479, at *2 (D. Md. Mar. 7, 2011).

This action presents a similar "rock-and-a-hard-place"[8] bind between potentially conflicting obligations under the FDCPA. The MRS representative, asked what MRS was by an individual that could have been a third party, risked violating § 1692c(b) if he explicitly stated that it was a debt collector. The question then becomes whether MRS's alternative solution for these situations—instructing its agents to identify MRS as a "financial services company" when addressing third parties[9]—was materially false or misleading, opening itself up to a § 1692e(10) claim.

Importantly, however, as is true in the cases discussed above, the choice is not really an either/or dilemma. If it is true that identifying itself as a debt collector would violate one provision of the FDCPA while identifying itself as a financial services company would violate

---

[8] *Horowitz*, 2016 WL 7188238, at *9.

[9] According to Defendant MRS's policies and procedures, agents are instructed: "Never disclose the purpose of the call. You may say 'This is a personal business matter'. You may also provide the Third Party your name, the consumer's name, and company name. You should not disclose the name of the company, unless you are directly asked. If a Third Party asks, we are a financial services company." ECF No. 15-10 at 2. According to Plaintiff, "[t]his is MRS's policy regardless whether its agent is speaking with a third party or with a debtor who has not yet confirmed his or her identity." ECF No. 19-1 at 14; *see also* ECF No. 19-4. However, this does not meaningfully change the analysis, as the issue presented in either scenario is whether a statement that MRS is a "financial services company," in the absence of a disclosure that it is a debt collector—as would be required if a MRS representative was speaking to a debtor whose identify was confirmed—is materially misleading.

another, MRS may always choose to abstain from answering the question at all when addressing

a third party. *Cf. Edwards*, 584 F.3d at 1354 ("[T]he Act does not guarantee a debt collector the

right to leave answering machine messages."); *Berg v. Merchants Ass'n Collection Div., Inc.*,

586 F. Supp. 2d at 1343 ("Debt collectors have no entitlement to use automated messages to

reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so

that debt collectors may use an inherently risky method of communication."); *Foti v. NCO Fin.*

*Sys., Inc.*, 424 F. Supp. 2d 643, 659 (S.D.N.Y. 2006) ("[T]he alleged 'Hobson's Choice' in this

case is self-imposed[.]"); *Dorris*, 2013 WL 1209629, at *4 n.1 (finding it "important to note"

that the agent "chose to answer" the third party's question—whether the agent was calling "about

a bill"—"affirmatively instead of abstaining from answering"); *Halberstam v. Glob. Credit &*

*Collection Corp.*, No. 15-CV-5696 (BMC), 2016 WL 154090, at *2 (E.D.N.Y. Jan. 12, 2016)

(countering, where a third party asked to take a message for the consumer, and the defendant

argued "that it would have been rude to simply hang up," and "there is no other logical and polite

response other than for the Defendant to provide the answering third-party with the information

requested," that "[i]t is perfectly logical and polite to say, 'No, thank you, I'll call back later.'").

Ultimately, however, the question is not what MRS could have done differently but whether its

actions here violated § 1692e(10).

### C.  Application to the March 17, 2020 Call

Plaintiff's argument that Defendant violated § 1692e(10) centers on the MRS

representative's statement that MRS is a "financial services company" during the call with

Plaintiff on March 17, 2020. ECF No. 19-1 at 8.[10] The parties devote ample space in their briefs

---

[10] This fact pattern is slightly unusual in that it does not ask the Court to analyze whether a debt collector's statement *to a consumer* was materially misleading. After all, if MRS had knowingly communicated with Plaintiff and told her that it is a financial services company without also stating that it is a debt collector, that situation would clearly violate other provisions of the FDCPA—§ 1692d(6) and § 1692e(11), which require disclosure of a debt collector's

to debating whether MRS is, in fact, a financial services company. They point to various resources, including federal statutes, Black's Law Dictionary, the Consumer Financial Protection Bureau website, the Maryland Department of Labor website, and Wikipedia, as support for their arguments that the term "financial services company" does or does not encompass debt collectors, and thus MRS. ECF No. 15-1 at 8–9; ECF No. 19-1 at 8–10; ECF No. 20 at 3–5; ECF No. 23 at 3. Ultimately, the Court need not wade through these various definitions to determine whether the contested statement is technically true, as Plaintiff fails to show that it would have affected the least sophisticated consumer's decision-making and was therefore materially misleading.

The crucial question is whether Defendant's statement would impair the least sophisticated consumer's ability to intelligently choose her response to Defendant's debt collection efforts. Plaintiff argues that a least sophisticated consumer could have understood from the representative's statement that MRS is a company offering "banking, credit, investment, or wealth management services . . . for her benefit and acting in her best interest" and would therefore have been "more inclined to provide the caller with identifying information that she would not otherwise have provided had she known the caller was a debt collector attempting to collect a debt." ECF No. 19-1 at 10–11.

As a preliminary question, the parties have not provided, and the Court is not aware of, authority addressing whether mere confirmation of the consumer's identity—that the caller is

---

identify in communications with consumers. Here, Plaintiff refused to identify herself, and the agent acted as though he was speaking to a third party. Thus, this situation is more akin to a debt collector making a statement to a third party—a receptionist or family member who answers the phone, for example—that is then conveyed to the consumer. Although the parties do not address this question specifically, the Court finds no reason to believe that a statement made to a third party, rather than directly to the consumer, cannot violate § 1692e(10). *Cf. Rivera v. Fin. Asset Mgmt. Sys., Inc.*, No. 17-CV-1295 (WFK), 2020 WL 5791175, at *7 (E.D.N.Y. Sept. 25, 2020) (considering whether calls to family members violated the FDCPA's prohibition against false, deceptive, and misleading statements under section 1692e and finding there to be a genuine dispute of material fact regarding the issues).

indeed speaking with the consumer—falls within the range of responses to debt collection efforts
protected by the materiality requirement. Defendant argues that only statements that "influence[]
a consumer's decision or ability to pay or challenge a debt" are actionable, quoting *Walsh v. Law
Offices of Howard Lee Schiff*, P.C., No. 3:11–cv–1111 SRU, 2012 WL 4372251, at *4 (D. Conn.
Sept. 24, 2012), but Plaintiff correctly counters that the Fourth Circuit has not adopted this
narrower standard, *see, e.g.*, *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th
Cir. 2014) (finding misstatements material where "they could objectively affect the least
sophisticated consumer's decisionmaking" or "frustrate the consumer's ability to intelligently
choose his or her response" (quoting *Donohue*, 592 F.3d at 1033)); *see also Armstead v.
Feldman*, No. CV TDC-19-0614, 2020 WL 4753837, at *6 (D. Md. Aug. 17, 2020) (same). *Cf.
Halberstam v. Glob. Credit & Collection Corp.*, No. 15-CV-5696 (BMC), 2016 WL 154090, at
*1, *3 (E.D.N.Y. Jan. 12, 2016) (finding, albeit not in the context of materiality, that a debt
collector's voicemail violated § 1692e(11) because its failure to disclose the nature of the call
"may induce the debtor to contact a debt collector when he does not wish to do so").

Assuming without deciding that influencing a party's decision to identify herself to a debt
collector over the phone is actionable under § 1692e(10), however, Plaintiff still fails to establish
that Defendant's statement was materially misleading. First, Plaintiff received a letter from MRS
concerning her debt two months prior to the call. ECF No. 15-5 ¶ 4; ECF No. 15-7. Defendant
argues, based on *Everage v. Nat'l Recovery Agency*, that the least sophisticated consumer would
have understood the statement about MRS was related to the same debt. No. CIV.A. 14-2463,
2015 WL 1071757 (E.D. Pa. Mar. 11, 2015). In that case, the collector misidentified the name of
the original creditor, but the court found, "[h]aving already received a collection letter four
months earlier indicating that Radiology Associates was seeking payment of a debt, the least

sophisticated debtor would have understood" the statement to refer to the same debt. *Id.* at *7. Plaintiff is correct that *Everage* is distinguishable—in *Everage*, the debtor called the collector to resolve the debt, rather than the other way around, and the misstatement at issue involved the identity of the creditor, not whether the caller was a debt collector. Nevertheless, the general principle stands that courts may take into account prior communications in determining whether a party is likely to be misled by a given statement. Moreover, the case Plaintiff relies on as support for its argument against inferring knowledge based on the letter is inapposite, as it relates to § 1692e(11), which strictly requires that a debt collector identify himself in "*all* subsequent communications" and does not look to a consumer's actual knowledge or perception at all. *See Savage v. NIC, Inc.*, No. CV08-1780-PHX-JAT, 2009 WL 2259726, at *6 (D. Ariz. July 28, 2009) (emphasis in original). Therefore, Plaintiff's prior receipt of this letter weighs against finding Defendant's statement materially misleading.

Second, although, as stated above, a statement's technical falsity is not dispositive, the agent's statement was not clearly or outlandishly false—the agent did not state that MRS was a charity or a relative, for example, to lull Plaintiff into confirming her identity before surprising her with the call's real purpose.[11] Finally, read in context, particularly with respect to the agent's repeated efforts to confirm Plaintiff's identity, his refusal to provide additional information to an unauthorized party, and his ending of the call without requesting more information or a call

---

[11] In that sense, *Thomas v. Consumer Adjustment Co., Inc.*, presented a different question. 579 F. Supp. 2d 1290, 1292 (E.D. Mo. 2008). When the consumer's girlfriend answered their household phone, the debt collector's agent, whose real name was Philip, identified himself as "Jason," a name associated with the consumer's phone number in his file, and asked how to reach the consumer "real quick," adding "[i]t's kind of important I get a hold of him." *Id.* at 1292, 1295. Jason was the consumer's brother, and based on the call, his girlfriend believed Jason had been in an accident. *Id.* at 1293. The consumer quickly returned the call only to find out that it concerned an outstanding bill for $295 from Washington University School of Medicine. *Id.* The Court ultimately denied both parties' motions for summary judgment, finding the defendant had not satisfied the requirements for a bona fide error defense, but the plaintiff had not established the facts sufficiently for the court to rule on liability as a matter of law. *Id.* at 1296.

back,[12] the Court is satisfied that the agent's statement was not part of a strategy to deceive Plaintiff or covertly extract information she would not have otherwise offered. Accordingly, Defendant's statement was not materially misleading in violation of § 1692e(10). The fact that Plaintiff was not actually misled into confirming her identity, although not dispositive, supports this conclusion.

Because Plaintiff has not shown Defendant MRS violated § 1692e(10), the only remaining claim, Defendant MRS's Motion for Summary Judgment is granted. Additionally, because summary judgment is granted in favor of the only named defendant, the individual defendants have not been identified or served, and the factual allegations against the individual defendants are not distinct from those against Defendant MRS, the Complaint will also be dismissed as to those individual defendants. *See Thomas v. Walthall*, No. 3:20-CV-446-HEH, 2020 WL 7074145, at *6 (E.D. Va. Dec. 2, 2020); *see also Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 424 (E.D. Pa. 1998).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment and Motion for Leave to File Audio Recording are granted, and Plaintiff's Cross-Motion for Summary Judgment is denied. A separate Order shall issue.

Date: <u>March 1, 2021</u>                    <u>        /s/                        </u>
                                        GEORGE J. HAZEL
                                        United States District Judge

---

[12] *Cf. Halberstam v. Glob. Credit & Collection Corp.*, No. 15-CV-5696 (BMC), 2016 WL 154090, at *1, *3 (E.D.N.Y. Jan. 12, 2016) (finding that leaving a message with a third party violated the FDCPA when it failed to disclose the nature of the call and requested a call back); *Fontana v. HOVG LLC*, No. 3:20-CV-00100, 2020 WL 3564520, at *3 (W.D. La. June 15, 2020), *report and recommendation adopted*, No. 3:20-CV-00100, 2020 WL 3564497 (W.D. La. June 30, 2020) (listing cases in which messages left with third parties were impermissible where they demanded calls back).